IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| MACARTON N. PIERRE, | ) | |
| | ) | 2:25-CV-00968-RAL |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| | ) | |
| DR. ERIC CHANG, | ) | |
| | ) | MEMORANDUM OPINION RE |
| | ) | DISMISSAL OF ACTION FOR |
| Defendant | ) | FAILURE TO PROSECUTE |

For the reasons explained below, this action will be dismissed based on Plaintiff Macarton N. Pierre's failure to prosecute his case.

## I. Background and Procedural History

The Clerk of Court opened this action in July 2025 pursuant to the Court's Order in Case No. 2:23-cv-2036 severing Plaintiff's claims against Defendant Dr. Eric Chang from that case. *See* ECF No. 1. Thereafter, Plaintiff timely filed a proposed complaint and a motion for leave to proceed in forma pauperis. ECF Nos. 4, 8. The Court granted his IFP motion on October 21, 2025, and directed the Clerk to docket the complaint. ECF No. 9. In a second order issued that same date, the Court directed Plaintiff to "immediately advise the court of any change in address" and cautioned: "**Failure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other documents upon plaintiff.**" ECF No. 10, p. 2.

The Complaint alleges prison officials transferred Plaintiff from SCI-Albion to SCI-Greene in retaliation for his complaints about guard behavior and denial of medical care. ECF No. 12, ¶ 1. When he arrived at SCI-Greene, Plaintiff put in a sick call request for "aggravation of prior torn tendons causing loss of function . . . & tissue damage/swelling" in several of his fingers. *Id.*, ¶ 2.[1] He wanted to see a neurologist because "recent x-rays lead to no further treatment" and "x-rays will not show tendon damage." *Id.*

Plaintiff saw Dr. Chang in August 2023, and Chang ordered x-rays and prescribed pain medication. *Id.*, ¶¶ 2–3. When Plaintiff ran out of medication, he filed a grievance against Chang for failing to renew the prescription and order further treatment. *Id.*, ¶ 3. The following day, Plaintiff put in a sick call request for swelling and pain in his throat. *Id.*, ¶ 4. Chang came to Plaintiff's cell door to discuss his medical and mental health concerns and ordered an x-ray of Plaintiff's spine, but did not send Plaintiff to medical triage or prescribe pain medication. *Id.*

Several months later, Plaintiff was seen at Allegheny Health Group Hospital and "it was determined [he] had extensive tendon damage, & required surgery." *Id.*, ¶ 5. According to the Complaint, Chang admitted to Plaintiff that he knew Plaintiff needed hospital care, but he delayed Plaintiff's care because of the grievance Plaintiff filed against him. *Id.* As of August 2025, Plaintiff had not had surgery. *Id.*

Based on the foregoing, Plaintiff alleges delay and denial of adequate medical care under the Eighth Amendment, First Amendment retaliation, and violations of

[1] Plaintiff states he had prior tendon/ligament injuries in 2022, which were aggravated by an April 21, 2023, incident of alleged guard brutality. ECF No. 12, ¶¶ 2, 5.

his Fourteenth Amendment rights to privacy and equal protection. *Id.*, p. 3. He seeks punitive and compensatory damages. *Id.*, p. 10.

On January 12, 2026, Defendant filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF No. 17, and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the issue of administrative exhaustion, ECF No. 19. By Order dated January 15, 2026, the Court directed Plaintiff to respond to Defendant's motions no later than February 17, 2026. ECF Nos. 22, 23. On March 18, 2026, the Court issued an Order to Show Cause noting Plaintiff had not filed a response, requested additional time to do so, or otherwise communicated with the Court. ECF No. 26. The Court gave Plaintiff until April 17, 2026, to show cause as to why this action should not be dismissed for failure to prosecute or, alternatively, to remedy his failure by filing his opposition brief by the same date. *Id.* When that deadline lapsed without any filing or other communication from Plaintiff, the Court, out of an abundance of caution, re-mailed to Plaintiff a copy of the Order to Show Cause and extended the deadline for compliance to May 1, 2026. ECF No. 27.

On April 29, 2026, the March 18, 2026 Order to Show Cause was returned to the Court as undeliverable because Plaintiff was paroled. In a May 27, 2026 Order, the Court noted that while Plaintiff had not filed notice of a change of address in this case, he did file notice of his updated address in Case No. 2:23-cv-02036.[2] ECF No.

[2] The Court docketed Pierre's notice of address change in Case No. 2:23-cv-02036 on March 6, 2026. *See* Case No. 2:23-cv-02036, ECF No. 58. The Court informed Pierre that his address was updated only on Case No. 2:23-cv-02036 and advised: "If you wish to have address changed on other matters before this court, it is your responsibility to file such a notice at each case number." *Id.*

29. Thus, as a courtesy to Plaintiff, the Court re-mailed to Plaintiff at his new address copies of Defendant's motions and the Court's prior Orders. *See id.* The Court further directed Plaintiff to show cause by June 26, 2026, for his failure to prosecute this action and to notify the Court of his change in address. *Id.*

To date, Plaintiff has not filed a response in accordance with the Court's Orders, explained his failure to do so, or requested an extension of the deadline. Plaintiff has not initiated any docket activity to prosecute this action since the filing of his proposed complaint on September 5, 2025. *See* ECF No. 8.

## II. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action sua sponte for failure to prosecute or comply with a court order. *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016); *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).[3] This authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369, 1374 (3d Cir. 1992) ("It is the district court judge who must strive to manage his or her

[3] Relevant here, "the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to an opposing party's . . . [dispositive] motion provides a basis for dismissing an action for failure to prosecute." *Champine v. Purcell*, 2014 WL 7344077, at *3 (W.D. Pa. Dec. 23, 2014) (collecting cases); *see also Muslim v. Frame*, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994) ("When . . . a *pro se* prisoner fails to adhere to readily comprehended court orders, the district court has authority to dismiss for want of prosecution.").

calendar efficiently and, in so doing, may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders.").

Whether to dismiss an action for failure to prosecute or comply with a court order rests in the sound discretion of the district court. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). That discretion, while broad, is governed by the following factors, commonly referred to as the *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Balancing these factors does not involve a "mechanical calculation," and "no single *Poulis* factor is dispositive." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citations omitted). Additionally, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (citation omitted). Furthermore, "when a litigant's conduct makes adjudication of the case impossible, . . . balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007).

Unless the court specifies otherwise, a dismissal under Rule 41(b) for failure to prosecute or comply with a court order "operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), and thus a dismissal with prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("Rule 41(a) . . . makes clear that

an 'adjudication upon the merits' [in Rule 41(b)] is the opposite of a 'dismissal without prejudice,'" barring the plaintiff from refiling the same claim in the same court).

## III. Discussion and Analysis

The Court begins by noting that Plaintiff's noncompliance with the Court's orders has made adjudication of this case impossible. Nevertheless, the Court will analyze the *Poulis* factors to determine whether dismissal is warranted.

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to comply with the Court's orders requiring him to update his address and respond to Defendant's motions. *Briscoe*, 538 F.3d at 258–59 ("a pro se plaintiff is solely responsible for the progress of his case"); *e.g.*, *Smith v. Pa. Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (it is solely the pro se plaintiff's obligation to keep the court informed of his address, and he "bears full responsibility for any failure in the prosecution of his claims"). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, [and] the excessive and possibly irremediable burdens or costs imposed on the opposing

party." *Adams*, 29 F.3d at 874 (citation omitted). For purposes of the *Poulis* analysis, prejudice does not equate to irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Rather, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Here, Plaintiff's failure to respond to Court orders has delayed the resolution of pending dispositive motions and this action in general, and frustrated Defendant's interest in the timely adjudication of the case. *See, e.g.*, *Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's "continued failure to communicate with the Court and continued inaction . . . clearly prejudices the Defendants who seek a timely resolution of the case"). Accordingly, this factor also weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("[A] party's problematic acts must be evaluated in light of its behavior over the life of the case."). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261 (citation omitted), "[e]xtensive or repeated delay or delinquency . . . , such as . . . consistent tardiness in complying with court orders," is sufficient to meet the *Poulis* standard, *Adams*, 29 F.3d at 874. Here, Plaintiff has repeatedly failed to comply with deadlines and respond to Court orders despite multiple warnings and extensions of time sua sponte granted by the Court. *See, e.g.*, *Qadr*, 642 F. App'x at 103 (plaintiff repeatedly failed to comply with court orders and failed to respond to motion to dismiss,

"demonstrating that he shirked his personal responsibilities and that he had a history of dilatoriness"); *Mack*, 2019 WL 1302626, at *2 (finding plaintiff "established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules"). Indeed, Plaintiff has taken no action to prosecute this action for a full year. As such, the third factor also weighs in favor of dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Plaintiff's failure to comply with Court orders "demonstrates a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024).[4] Further, the Court's show cause orders specifically warned Plaintiff that his failure to comply could result in the dismissal of this action. *See* ECF No. 26 ("Failure to comply will be construed as a decision by Plaintiff to discontinue prosecution of this case."); ECF No. 29 ("Failure to comply with this Order may result in the dismissal of this case based on Plaintiff's failure to prosecute."). As such, Plaintiff's continued noncompliance and failure to respond are reasonably construed as a deliberate choice

[4] While Plaintiff was evidently paroled prior to receiving the Court's March 18, 2026 Order to Show Cause, the docket does not indicate that any other mail sent to Plaintiff has been returned, and nothing suggests that he did not receive the documents mailed to him at his new address.

and abandonment of this action.[5] Thus, the fourth factor also weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, however, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding pro se and in forma pauperis." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011); *see Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("[a]lternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties"). Here, Plaintiff's "status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Moreover, by entering orders advising Plaintiff of his obligations in this case, and resending those orders to Plaintiff at what the Court believes to be his current address, "the Court has endeavored to use lesser sanctions, but to no avail." *Id.* Absent the ability to craft an effective monetary sanction, and given Plaintiff's failure to respond to the Court's prior orders or to otherwise communicate with the Court in any manner for the past year, the Court is without any viable alternative to dismissal. *See, e.g.*, *Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) (where plaintiff's conduct "made

[5] This conclusion is further supported by the fact that Pierre chose to file notice of his change of address in Case No. 2:23-cv-02036 (and was informed that he must file such notice in each case number he wished to have his address changed on), but did not file a notice in this case.

adjudication of the case impossible . . . any lesser sanction would not have furthered the interests of justice").

The sixth and final *Poulis* factor requires the Court to consider the potential merits of Plaintiff's claim. A claim is "meritorious" for purposes of the *Poulis* analysis "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870; *see Briscoe*, 538 F.3d at 263 (to evaluate this factor, the court uses the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim). Plaintiff's failure to respond to Defendant's dispositive motions prevents the Court from fully evaluating the legal sufficiency of his claims. *See Dorsey v. Marsh*, 2023 WL 8259259, at *2 (M.D. Pa. Nov. 29, 2023); *Iglesias v. Kois*, 2026 WL 145334, at *3 (W.D. Pa. Jan. 20, 2026). But even if the Court concluded that some portion of Plaintiff's pleading presented a viable cause of action,[6] this factor

[6] The crux of Plaintiff's allegation is that Defendant Chang acted with deliberate indifference to his medical needs by denying and delaying Plaintiff adequate care.

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim," *Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 3518459 (M.D. Pa. July 20, 2018). Similarly, "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation." *Tillery*, 2018 WL 3521212, at *5 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care." *Clark v. Doe*, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000).

Here, Pierre's conclusory and self-serving allegations against Chang are, at most, a difference of opinion as to the proper course of treatment and present no basis to show that Chang intentionally denied or delayed access to necessary medical care. *See DiFraia v. Ransom*, 171 F.4th 622, 630–31 (3d Cir. 2026) ("An official risks violating the Eighth Amendment if he invokes nonmedical reasons to delay or deny care that is medically necessary. It is not enough that a treatment might make a prisoner's life easier. . . . Absent allegations that prison officials strayed well beyond the range of reasonable options, the judiciary may not secondguess 'mere disagreements over medical judgment.'" (citation omitted)); *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment claim (citation omitted));

cannot save Plaintiff's claims in the face of his non-compliance with the Court's instructions. *See Carr*, 2022 WL 12073522, at *2 ("[Plaintiff] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of those claims as grounds for declining to dismiss the case."). Accordingly, at best, the final *Poulis* factor is neutral, and need not be satisfied to warrant dismissal.[7] *See, e.g.*, *Baucum v. Westmoreland Cnty. Dist. Att'ys Off.*, 2026 WL 820362, at *2 (W.D. Pa. Mar. 25, 2026) ("[G]iven that the other *Poulis* factors weigh in favor of dismissal, even if the Court were to assume without deciding that at least some of [plaintiff's] claims have merit at this early stage of the litigation, that would not preclude the Court from dismissing this case under the circumstances for failure to prosecute.").

## IV. Conclusion

Because all *Poulis* factors weigh to various extents in favor of dismissal, this case will be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Defendant's motion to dismiss (ECF No. 17) and motion for summary judgment (ECF No. 19) will be DENIED as moot. A separate Order follows.

---

*Sanchez v. Coleman*, 2014 WL 7392400, at *7 (W.D. Pa. Dec. 11, 2014) ("[A]n inmate does not have a constitutional right to see a doctor on demand or the doctor of his choice. Nor is an inmate entitled to a particular course of treatment or to have particular tests performed."). For example, though Plaintiff complains Chang did not renew his pain medication or order further treatment, he acknowledges that he saw Chang several times and that Chang twice ordered x-rays. And, while he contends Chang failed to send him to the hospital and denied him access to a neurologist or orthopedic surgeon, Plaintiff admits he was seen at Alleghany Health Group. As such, the allegations in the Complaint reflect neither a failure to provide necessary medical care nor a denial of reasonable requests for treatment.

[7] The Third Circuit has "never held that *Poulis'* sixth factor is determinative. To do so would confuse Rule 12(b)(6) with Rule 41(b), which we refuse to do." *Hudson v. Coxon*, 149 F. App'x 118, 120 n.2 (3d Cir. 2005).

DATED this 26th day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE